UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | § | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | EP-23-cv-00177-RFC |
| | § | |
| **WHITE ROAD CAPITAL, LLC dba GFE HOLDINGS,** a Delaware Limited Liability Company | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S MOTION IN LIMINE TO PREVENT DEFENDANT FROM OFFERING TESTIMONY OR EVIDENCE CONTRARY TO THE ADMITTED REQUESTS FOR ADMISSIONS**

Plaintiff hereby makes this motion pursuant to F.R.C.P. 36, based on the fact that Requests for Admission [along with other discovery devices] were propounded upon Defendant in electronic text modifiable/searchable format [as required] on June 26, 2024. Exhibit A. Defendant acknowledges that receipt of the email on July 26, 2024, when Defense Counsel emailed Plaintiff and requested until August 2, 2024, to respond to Plaintiff's discovery, including requests for admission. Exhibit A. Defendant then chose to do nothing to respond to Plaintiff's discovery, including requests for admission despite asking for and being granted an extension. As a result, the requests for admission have since become admitted and Defendant has never made a motion or been granted a motion to withdraw or amend the admissions.

A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves upon the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. F.R.C.P Rule 36(a)(3). If a response is not

1

timely served, the request is considered admitted without the necessity of a court order. Tex. R.C.P. 198.2(c). The court may permit the party to withdraw or amend the admission if the party shows good cause for the withdrawal or the amendment; and the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced. Tex. R.C.P. 198.3(a)-(b).

Defendant White Road Capital, LLC dba GFE Holdings (GFE) obtained the Attorney Shanna Kaminski ("Kaminski"). Plaintiff served the discovery devices upon Kaminski on June 26, 2024. On July 26, 2024, the day the discovery requests were due back to Plaintiff, Kaminski asked for an extension until August 2, 2023. Plaintiff granted this extension. As of August 26, 2024, more than three weeks have passed from the extended deadline requested by Defendant, and no answers have been given.

Plaintiff searched the docket of Kaminski on Pacer to ascertain whether there might have been something keeping Kaminski from providing discovery responses or asking Plaintiff for an additional extension. Plaintiff found that Kaminski has been working throughout the time period and could have responded to Plaintiff's discovery devices, or at minimum, asked for an extension. Kaminski filed the following actions in cases she is a party to. Note, this is not an exhaustive list of filings during the relevant time period.

    a. July 30, 2024: Filed an objection; Exhibit B

    b. July 31, 2024: Filed a Statement Regarding Corporate Ownership; Exhibit C

    c. August 5, 2024: Filed a Notice of Appearance Exhibit D

    d. August 6, 2024; Filed a Motion for Admission Pro Hac Vice; Exhibit E

    e. August 6, 2024; Filed a Motion for Admission Pro Hac Vice; Exhibit F

    f. August 8, 2024: Filed an objection; Exhibit G

      g. August 16, 2024: Filed a Notice of Appearance Exhibit H

Defense counsel appears to have been working during the period in which a response to Plaintiff's Discovery devices was due. There does not appear to be any illness that prevented the responses from being received by the August 2, 2024, extension deadline requested by Defendant. More importantly, given the fact counsel was working the entire period, there does not appear to be any reason why Defense did not request another extension, given that Plaintiff was cooperative in granting the extension request on July 26, 2024. There does not appear to be a valid reason of good cause for why responses were not submitted and why another extension was not requested.

    Plaintiff, therefore, moves this Honorable Court to enter an order prohibiting Defendant from offering testimony or evidence contrary to the admitted requests for admission on the basis that the admissions constitute irrebuttable conclusions of fact and law.

    Exhibit I is Plaintiff's First Set of Combined Discovery Requests Propounded Upon Defendant White Road Capital, LLC dba GFE Holdings.

    A brief and proposed order accompany this motion.

August 26, 2024,                                     Respectfully submitted,

                                                                                     _____
                                                                                      Brandon Callier
                                                                                      Plaintiff, Pro Se
                                                                                      1490A George Dieter Drive
                                                                                      #174
                                                                                      El Paso, TX 79936
                                                                                      915-383-4604
                                                                                      Callier74@gmail.com