UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **WHITE ROAD CAPITAL, LLC dba GFE** § <br> **HOLDINGS,** a Delaware Limited Liability § <br> Company § <br> § <br> Defendant. § <br> § | EP-23-cv-00177-RFC |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PREVENT DEFENDANT FROM OFFERING TESTIMONY OR EVIDENCE CONTRARY TO THE ADMITTED REQUESTS FOR ADMISSIONS**

On June 26, 2024, Plaintiff, propounded upon Defendant Requests for Admissions. Requests for Production of Documents, and Interrogatories. Exhibit I. These were dispatched via a Microsoft Word and PDF format via email address, skaminski@kaminskilawpllc.com, which is the email address regularly used by Defense Counsel.

On July 26, 2024, Defendant, through Counsel, emailed Plaintiff to request that an extension to respond to the Discovery devices be extended to August 2, 2024. Exhibit A. Plaintiff immediately granted the extension request. Exhibit A.

Defendant has never produced one sheet of paper, not a single electronic file, not one document, nor identified the location of one single document, not responded to one interrogatory, not identified any witnesses, and had completely blown off Plaintiff's discovery devices.

Defendant also completely ignored the Requests for Admissions that Plaintiff propounded and properly served upon Defendant. Rule 36 of the Federal Rules of Civil

1

Procedure provides that the failure to timely address a request for admission results in the matter being automatically admitted on a self-effectuating basis, no motion is needed to have a matter deemed admitted. Rather a motion is required to withdraw the admission. Nothing in the record shows Defendant having filed a motion to withdraw admissions, let alone having been granted such a motion.

> F.R.C.P. 36(a)(3) provides that, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

Defendant's time to respond to the Requests in a timely manner expired on August 2, 2024. This is not a matter of a Defendant who was two or three days late but then made good faith responses, produced documents, answered interrogatories, and made some denials in good faith and some admissions in good faith. This is a case of a Defendant who received the entire discovery packet, propounded by Plaintiff, asked for an extension, was granted an extension, and then completely blew off and ignored all of the outstanding discovery.

As a matter of legal strategy Plaintiff elected not to deluge this Court with a barrage of motions to compel Defendant to respond, because Plaintiff believed and calculated that Defendant would delay and oppose the motions to compel, drag its feet, and when an order to respond was entered Defendant would simply respond with boilerplate objections and then Plaintiff would have yet another round of discovery disputes to bring before this Court to compel production of the underlying requested documents. Plaintiff gave Defendant an additional three weeks beyond the Defense requested August 2, 2023, due date before filing this motion.

Plaintiff, in recognition of the fact that this is a busy court and this case is fairly straightforward and simple, instead opted to permit Rule 36 to operate as it is meant to operate, for the Requests to become admitted via the self-effectuating mechanism of admission in the Rule, and for the present motion to now be before this Court.

Request for Admission # 7 requests –

15)  Admit to all factual allegations in Plaintiff's Original Complaint.

F.R.C.P. 236(a)(1)(A) provides that a request may relate to, "fact, the application of law to fact, or opinions about either."

Request #7, served by Plaintiff on Defendant, asks that Defendant admit to the truth of everything contained in Plaintiff's Complaint.

Defendant should, therefore, not be permitted to offer any testimony or evidence that in any way contradicts or attempts to contradict the admissions as the matters in question have been admitted and the admissions are irrefutable absent the defendant being granted a motion to withdraw the admissions [no motion has been granted, and no good cause could exist as to why Defendant who blew off discovery devices and refused to cooperate with discovery should be rewarded by being permitted to withdraw admissions to avoid an adverse outcome in the instant action.].

This Court should therefore enter an order prohibiting Defendant from offering any testimony or evidence, or engaging in any line of questioning or examination, that would tend to contradict the requests for admissions that have been admitted by virtue of the passage of more than 30 days from the date of time at which they were originally served.

August 26, 2024,                                                   Respectfully submitted,

_[signature]_

_____

Brandon Callier
Plaintiff, Pro Se
1490A George Dieter Drive
#174
El Paso, TX 79936
915-383-4604
Callier74@gmail.com

4