IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** *Plaintiff*, | § § § |
| v. | §   EP-23-CV-00177-RFC § |
| **WHITE ROAD CAPITAL, LLC d/b/a GFE HOLDINGS,** *Defendant*. | § § § § |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant White Road Capital, LLC's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" ("Motion") (ECF No. 23), filed on August 10, 2023. Pursuant to the parties' consent,[1] on July 31, 2024, this case was transferred to the undersigned Magistrate Judge to conduct all proceedings, including trial. For the reasons set forth below, the Court **DENIES** Defendant's Motion.

### I.   BACKGROUND

This case arises from alleged violations of the Telephone Consumer Protection Act (47 U.S.C. § 227). Plaintiff filed suit on May 1, 2023, against Defendants Pearl Delta Funding, LLC d/b/a Pearl Capital ("Pearl Delta"); MyFaz Consulting, LLC d/b/a ATM Funded ("MyFaz"); and White Road Capital, LLC d/b/a GFE Holdings ("White Road") for making unsolicited phone calls to him about merchant cash advances. *See* Pl.'s Original Compl. ¶¶ 2–4, 30–32, ECF No. 1. Plaintiff asserts that MyFaz is the entity that actually made the calls. *Id.* ¶ 35. However, when Plaintiff provided his information to the callers in order to determine who was calling him, he was

---

[1] *See* Suppl. to Joint Rule 26(f) Report Notice of Parties' Consent to Referral to Magistrate Judge, ECF No. 41.

sent merchant cash advance contracts from White Road and Pearl Delta, and the contracts stated that MyFaz was acting as an agent for these companies. *Id.* ¶¶ 38, 43.

On July 5, 2023, Plaintiff filed a notice of dismissal with prejudice of the claims against MyFaz. Pl.'s Notice of Dismissal with Prejudice, ECF No. 12. The District Court issued an order dismissing the claims against MyFaz with prejudice. Order Dismissing Case Against Def. MyFaz, ECF No. 14. On July 20, 2023, Plaintiff also filed a notice of dismissal with prejudice of the claims against Pearl Delta, Pl.'s Notice of Dismissal with Prejudice Against Def. Pearl Delta, ECF No. 21, and the District Court issued an order dismissing the claims against Pearl Delta, Order Dismissing Case Against Def. Pearl Delta, ECF No. 22. Thus, White Road is left as the only defendant in this action. After Pearl Delta was dismissed, White Road filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Mot., ECF No. 23.

## II.   STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint when a defendant shows that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, a "court accepts all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff." *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018). But the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint states a "plausible claim for relief" when the factual allegations contained in it allow the court to

infer actual misconduct by the defendant, not a "mere possibility of misconduct." *Id.* at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

### III.   DISCUSSION

White Road argues that the dismissal with prejudice entered against MyFaz has "the effect of determining MyFaz not liable." Mot. 3, ECF No. 23. And, it argues, since MyFaz is not liable, White Road cannot be held liable, because Plaintiff's claim against White Road relies on White Road being vicariously liable for the actions of MyFaz. *Id.* Plaintiff argues that the judgment issued against MyFaz "was not an adjudication of the merits of Plaintiff's claims against White Road." Pl.'s Resp. Def. White Road's Mot. Dismiss Pursuant Fed. R. Civ. P. 12(b)(6) at 3, ECF No. 25. Plaintiff argues that under the principles of res judicata, only a subsequent suit against White Road would be barred, and this is not a subsequent suit. *Id.* Lastly, Plaintiff asserts that White Road's reading of vicarious liability would make the TCPA unenforceable, because then no company that hired an offshore telemarketer to make solicitations on its behalf could ever be held liable. *Id.* at 4.

To begin, the Court notes that, while a court generally cannot look beyond the pleadings when ruling on a 12(b)(6) motion, it can take judicial notice of matters of public record. *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008). Thus, the Court can take judicial notice of the earlier order dismissing MyFaz from the case.

3

In this case, Plaintiff asserts that MyFaz, the entity that called him, was acting as an agent of White Road, making White Road liable under the TCPA as well.[2] Pl.'s Original Compl. ¶¶ 67–74. "[T]raditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). "[T]he Federal Communications Commission has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016) (citing *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 (2013)).

Here, Plaintiff filed a notice of dismissal with prejudice with respect to MyFaz. The Federal Rules of Civil Procedure allow a plaintiff to dismiss an action by filing a notice of dismissal if the opposing party has not yet served either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Generally, a party's voluntary dismissal with prejudice under Rule 41(a)(1) is a final adjudication on the merits that bars any future adjudication of the plaintiff's claims. *See Derr v. Swarek*, 766 F.3d 430, 441 (5th Cir. 2014) (The plaintiffs' voluntary dismissal with prejudice of their claims against the defendants "extinguish[ed] [their] rights forever . . ., and the defendant will reap the benefit of a res judicata bar to any attempt by the plaintiff to re-litigate the dismissed claims."); *see also Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985) ("[A] dismissal with prejudice gives the defendant the full relief to which he is legally entitled and is tantamount to a judgment on the merits.").

Thus, the dismissal of MyFaz with prejudice means that Plaintiff cannot bring a new suit against MyFaz based on the same facts. However, it does not mean that Plaintiff cannot continue to assert a claim against White Road. The case that White Road relies on for its argument, *Lone*

---

[2] White Road's motion does not raise the issue of whether MyFaz was actually acting as its agent. The Court will presume for this order that MyFaz was acting as White Road's agent.

*Star Partners v. NationsBank Corp.*, 893 S.W.2d 593 (Tex. App. 1994), is factually distinct. *See* Mot. 3. In *Lone Star*, the plaintiff had previously sued an entity who was acting as an agent for purposes of vicarious liability for fraud. *Id.* at 596. This suit was settled, and the claims were dismissed with prejudice. *Id.* The plaintiff later sued the principal over the same issue of fraud. *Id.* The court concluded that "[a] final judgment on the merits in favor of an agent acting for his principal is conclusive in *a subsequent suit* brought against the principal for vicarious liability determined in the *former litigation*." *Id.* at 598 (emphasis added). Here, there has been no subsequent suit.

The defendant in *Lone Star* invoked res judicata to have the vicarious liability claims against it dismissed. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). If both the principal and agent are defendants in a case, the general rules of res judicata apply. Restatement (Second) of Judgments § 51 cmt. a (Am. Law Inst. 1982). The elements of res judicata are: "(1) the parties are identical or in privity; (2) the judgment in the *prior action* was rendered by a court of competent jurisdiction; (3) the *prior action* was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (emphasis added) (citation omitted). The Fifth Circuit has stated that "principal-agent relationships may ground" a claim of res judicata, but has suggested that this would be in the context of a subsequent action:

> Where a plaintiff has sued parties in *serial litigation* over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's

*later suit* continued to seek essentially similar relief—the courts have denied the plaintiff a *second* bite at the apple.

*Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989) (emphasis added).

In this case, the judgment rendered against MyFaz is not a prior judgment but rather a judgment in the same, ongoing case. Res judicata is meant to "insure[] the finality of judgments and thereby conserve[] judicial resources and protect[] litigants from multiple lawsuits." *Oreck Direct*, 560 F.3d at 401 (quoting *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)). White Road has not been subject to multiple lawsuits, and Plaintiff is not relitigating issues that he could have raised before: Plaintiff has filed one case in order to resolve all of his claims regarding these alleged calls. White Road has provided no caselaw to show that a plaintiff cannot bring one suit against both a principal and an agent and continue to assert a claim against the principal after the agent has been dismissed with prejudice. Therefore, Plaintiff's claims against White Road will not be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant White Road Capital, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 23) is **DENIED**.

**SIGNED** this 12th day of September, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**